11277.   HUMPHREY *v.* THE STATE.

A conviction of having unlawful possession or control of liquor was not authorized by the evidence in this case.

DECIDED APRIL 14, 1920.

Indictment for possession of liquor; from Glascock superior court — Judge Walker.   December 12, 1919.

*J. C. Newsome,* for plaintiff in error.

*R. C. Norman, solicitor-general,* contra.

BLOODWORTH, J.   The indictment in this case charged that on the 16th day of February, 1919, the accused " did have and control and possess spirituous, vinous, malted, fermented, and intoxicating liquors and prohibited liquors and beverages." The evidence for the State showed that in the absence of the accused the sheriff and another searched the dwelling and found no whisky therein, but they " found about one quart in a quart-bottle in his corn-crib.   It was covered up under the corn."   They also " found a gallon jug in the hog-pen near the house, nearly full.   It was covered with a little pine-straw and pine-tops."   It was described as " brown jug with a rope tied in the handle."   This was on Sunday, February 16, 1919.   The evidence for the defendant showed that he and his wife went visiting on Saturday, the 15th, and left a negro named John Williams, who had lived with him most of the year, in charge of his crib to feed his hogs and other stock Saturday night and Sunday morning.   Two witnesses swore that they saw John Williams on Sunday morning, the 16th, with a brown jug with a handle and a rope tied in the handle, and the jug had whisky in it, and John Williams carried the jug of whisky towards the residence of the accused.   Another witness swore that he went to the home of the accused late Saturday afternoon, and there was no one there except John Williams, who was " in the crib shucking corn and fixing to feed the mule and hogs.   He had a quart-bottle there in the crib, with some whisky in it  .  .  .   He sorter had it

covered up with corn." In his statement the defendant said, in part: " Me and my family went off visiting on Saturday evening before, and I got back just as the sheriff and Mr. Usry were leaving. It was not my liquor they found. I didn't have any. I didn't know there was any on the place. I left a negro named John Williams in charge of everything to feed my hogs and stock."

The only circumstance connecting the defendant with the whisky is the fact that it was found upon his premises. Under the evidence in this case it is more reasonable to believe that the whisky belonged to John Williams than to the accused. " Where all the evidence in the case wholly fails to connect the defendant with the commission of the offense charged, but, on the contrary, presents reasonable hypotheses of his innocence, a verdict of guilty is without evidence to support it, and therefore contrary to law, and such verdict, on motion for a new trial, should be set aside on this general ground." *Johnson* v. *State*, 1 *Ga. App.* 129 (2) (57 S. E. 934). The testimony in this case being entirely circumstantial, and the facts proved being consistent with the innocence of the defendant, and failing to connect him with the perpetration of the crime charged, the verdict was contrary to evidence. The court therefore erred in overruling the motion for a new trial. *Bailey* v. *State*, 104 *Ga.* 530 (30 S. E. 817). See also *Newman* v. *State*, 26 *Ga.* 633.

*Judgment reversed. Broyles, C. J., and Luke, J. concur.*